## John Becker

### *v.*

## Thomas Williams.

Trusts and trustees—*property conveyed to a person to pay debts.* G conveyed to B certain lands, with the power to sell them and apply the proceeds in the payment of G's debts. B sold the lands, and, to the extent of the proceeds received, applied them in payment of G's debts : *Held,* in an action against B, by a creditor of G, whose claim had not been paid, that B could not be held liable for a misapplication of the funds, there being no proof that B, on receiving the deed, had agreed with G to pay this claim as a preferred debt.

Appeal from the Circuit Court of Knox county ; the Hon. Arthur A. Smith, Judge, presiding.

The opinion states the case.

Mr. T. G. Frost and Mr. P. H. Sanford, for the appellant.

Mr. A. M. CRAIG, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

Thomas Williams had a claim against one Martin Gibbs, who conveyed to John Becker a certain tract of land, with power to sell it, and with the proceeds to pay Williams and other creditors. Becker sold the land, but did not pay Williams' debt, and this action was brought before a justice of the peace, by Williams, against Becker, for the debt due him from Gibbs. This was the statement of the plaintiff's case, and he recovered a judgment for the amount of his claim.

The cause was taken to the circuit court by appeal, and the same judgment rendered. To reverse this judgment the cause is brought here by appeal.

We have examined the record, and find nothing in the evidence showing an undertaking on the part of Becker to pay the debt due from Gibbs absolutely. He was only to apply the proceeds of the land in payment of Gibbs' debts, and as they have been fully applied, Becker is not liable to Williams unless he had agreed with Gibbs, on receiving the deed, to pay the debt to Williams as a preferred debt, and had disregarded his trust in the application of the funds.

The case should have been put to the jury on this theory. As it was left to them, the plaintiff should not have recovered. The verdict is against the whole evidence, and should have been set aside.

The judgment is reversed and the cause remanded.

*Judgment reversed.*